FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN -8  P 2: 04

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CORNELL ROBBINS,

        Petitioner,

vs.

JOSE VAZQUEZ, Warden,

        Respondent.

CIVIL ACTION NO.: CV206-207

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Cornell Robbins ("Robbins"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss and a Supplement Motion to Dismiss. Robbins has filed a Response, Respondent has filed a Reply to Robbins' Response, and Robbins has filed a Response to Respondent's Reply. For the following reasons, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE FACTS

Robbins was sentenced in the Eastern District of North Carolina to 170 months' imprisonment and three years' supervised release after pleading guilty to distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). (Mot. at 2; Doc. No. 6, p. 1). Robbins subsequently appealed, and the appeal was dismissed. (Gov. Ex. A at Docs. 86-87). Robbins next filed a motion, pursuant to 28 U.S.C.A. § 2255, in the Eastern District of North Carolina, and that motion was denied. (Gov. Ex. A at Doc. 108-109, 117, 119-120).

In Robbins' petition before this Court, he challenges the constitutionality of his sentence. Robbins contends that the trial court improperly considered drug quantities as relevant conduct when sentencing him. (Mot. at 3, Memo at 2-3, 5). Robbins asserts this claim based upon the Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). (Memo at 2-3).[1] Robbins asserts that because he only admitted in his guilty plea to possessing 3.5 grams of cocaine, he should only have been sentenced on that basis. (Memo at 4). Robbins avers that relief pursuant to 28 U.S.C. § 2255 would be inadequate because he waived his right to pursue such relief in his plea agreement, and thus he must be eligible to proceed under 28 U.S.C. § 2241 instead. (Memo at 4-5).

Respondent avers that Robbins' petition should be dismissed. First, Respondent contends that Robbins has not shown that he is entitled to use § 2255's "savings clause" to proceed under § 2241. Second, Respondent contends that Robbins' petition sets forth claims pursuant to Apprendi, Blakely and Booker, and that these cases do not apply retroactively to cases on collateral review. (Doc. No. 6, p. 5). Finally, Respondent contends that Robbins' plea agreement clearly includes a waiver of any right to pursue any avenue of collateral attack. (Doc. No. 6, pp. 5-6, Doc. No. 7, pp. 1-2).

---

[1] In Blakely, the Supreme Court "revisited the rule in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed.2d 435 (2000), which held that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.'" In re Dean, 375 F.3d 1287, 1289 (11th Cir. 2004) (quoting Blakely, 542 U.S. at 301, 124 S. Ct at 2536). United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621(2005) made Blakely applicable to the federal sentencing guidelines.

2

## DISCUSSION AND CITATION TO AUTHORITY

**Robbins Fails to Satisfy the § 2255 Savings Clause**

Ordinarily, a collateral attack of a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). The so-called "savings clause" of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Courts that have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (finding § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (finding § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (finding § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (finding § 2255 remedy ineffective where sentencing court was abolished). None of these circumstances exist in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Thus, a petitioner must present evidence that his claims are based upon a retroactively applicable Supreme Court decision that establishes he was convicted for a nonexistent offense, and that circuit law foreclosed his claim from being brought at the time that it otherwise should have been raised. Robbins has failed to satisfy this burden.

**Robbins' Claim is Not Based on a Retroactively Applicable Supreme Court Decision.**

Although Robbins alleges that his sentence is illegal based on the Supreme Court decisions of Apprendi, Blakely, and Booker, the Supreme Court has not made these decisions retroactively applicable to cases on collateral review, as is required by the first

4

prong of Wofford.  See Varela v. United States, 400 F.3d 864, 867-868 (11th Cir. 2005); In Re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005); Dohrmann v. United States, 442 F.3d 1279, 1281 (11th Cir. 2006).  The constitutional rule announced in Blakely and Booker "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review."  Varela, 400 F.3d at 868.  To allow Robbins to have his requested relief pursuant to these cases would constitute the improper application of a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989).  Robbins does not point to any Supreme Court decision with retroactive effect in support of his claims.  Having determined that Petitioner has failed to meet the first prong of the Wofford test, the Court need not address the remaining prongs.

Robbins has failed to establish that the remedy under § 2255 is inadequate or ineffective.  Robbins has failed to meet the requirements of the § 2255 savings clause under Wofford.  Furthermore, Robbins may not invoke § 2241 jurisdiction to challenge his sentence merely because he is otherwise barred from pursuing relief under § 2255 in the sentencing court.  Wofford, 177 F.3d at 1244.  Robbins' remedy, if any, is to seek authorization from the Fourth Circuit to file a successive motion in the sentencing court. See 28 U.S.C. §§ 2244(b)(3)(A) and 2255.  The Court concludes, therefore, that it is without jurisdiction to entertain the petition and the petition should be dismissed.  It is unnecessary to discuss Respondent's additional contentions.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and that Robbins' Petition for Writ of Habeas Corpus be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)